# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

*** Filed *** 12:44 PM, 21 May, 2026 U.S.D.C., Eastern District of New York

--------------------------------------------------------------------------------

**DERICK A. PETERSEN,**

       **Plaintiff,**

  -against-          **Case No. 1:26-cv-2408-LDH-JAM**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

       **Defendant.**

--------------------------------------------------------------------------------

**FIRST AMENDED COMPLAINT**

Plaintiff, Derick A. Petersen, appearing pro se, alleges as follows:

1

**I. NATURE OF THE ACTION**

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.
2. Plaintiff challenges Defendant's failure to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report and Defendant's failure to conduct a reasonable reinvestigation after receiving notice of disputed information.
3. Defendant maintained and disseminated consumer reports containing inaccurate, misleading, incomplete, and internally inconsistent information concerning Plaintiff and continued doing so after receiving notice of disputed reporting.
4. As a result, Plaintiff suffered denial of credit, revocation of approved credit, reliance upon subprime credit products, harm to credit reputation, and loss of financial opportunities.

**II. PARTIES**

5. Plaintiff Derick A. Petersen is a natural person residing in Brooklyn, New York.
6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency within the meaning of the Fair Credit Reporting Act and conducts business nationwide, including within this District.

**III. JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.
8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred within this District.

## IV. FACTUAL ALLEGATIONS

### A. Inaccurate and Misleading Reporting

9. Defendant prepares and disseminates consumer credit reports used by creditors and third parties in evaluating consumers for credit and other financial transactions.

10. Beginning in or around 2023 and continuing thereafter, Defendant maintained Plaintiff's consumer file in an inaccurate, misleading, incomplete, and internally inconsistent condition.

11. Defendant reported duplicate American Express tradelines associated with Plaintiff, overstating the number of American Express accounts associated with Plaintiff's credit history.

12. Following Plaintiff's disputes and litigation activity, Defendant removed the duplicate American Express reporting, confirming that the prior reporting was inaccurate, unreliable, or not maintained pursuant to reasonable procedures.

13. Defendant also continued reporting internally inconsistent information, including a BMW Financial account simultaneously described as "Paid, Closed/Never Late" while also reflecting a "redeemed repossession" designation.

14. Plaintiff alleges that such contradictory reporting materially misrepresents Plaintiff's credit history and creates a misleading impression regarding Plaintiff's creditworthiness and credit risk.

15. Defendant further reported accounts with balances exceeding stated credit limits, creating an inaccurate or misleading impression regarding Plaintiff's utilization and financial obligations.

### B. Plaintiff's Repeated Attempts to Resolve Reporting Issues

16. Plaintiff repeatedly attempted to resolve these issues directly with Defendant before and after initiating litigation.

17. Plaintiff submitted disputes, attempted to access and review his reports, communicated with Defendant concerning inaccuracies, and continued attempting to obtain correction of disputed reporting without court intervention.

18. Despite receiving notice of disputed and inconsistent reporting, Defendant failed to reasonably reinvestigate the disputed information and continued disseminating Plaintiff's consumer report while inaccuracies and inconsistencies remained unresolved.

19. Plaintiff commenced this action only after repeated unsuccessful attempts to obtain compliance with Defendant's obligations under the Fair Credit Reporting Act.

20. The FCRA imposes duties upon consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy and to conduct reasonable reinvestigations after notice of disputes. See 15 U.S.C. §§ 1681e(b), 1681i.

**C. Interference with Plaintiff's Ability to Access and Correct His File**

21. Defendant maintained Plaintiff's file in a condition that interfered with Plaintiff's ability to access, monitor, review, and dispute his own credit report.

22. Plaintiff's address was removed, omitted, or improperly maintained within Defendant's system for an extended period, preventing reliable access to Plaintiff's Experian disclosures and impairing Plaintiff's ability to timely review and correct disputed information.

23. Plaintiff possesses recorded telephone calls with Experian representatives acknowledging issues relating to Plaintiff's address information and restoration of access to Plaintiff's file.

24. During this same period, Defendant continued disseminating Plaintiff's consumer report to creditors and potential creditors.

**D. Continuing Dissemination After Notice**

25. Plaintiff repeatedly notified Defendant that his file contained inaccurate, misleading, incomplete, or internally inconsistent information.

26. Despite receiving notice, Defendant continued disseminating Plaintiff's consumer report to potential creditors while Plaintiff was actively seeking credit and attempting to transact financially.

27. Defendant continued furnishing Plaintiff's report while disputed inaccuracies, inconsistencies, and unverifiable information remained unresolved.

28. Plaintiff alleges that creditors evaluating Plaintiff during this period received information Defendant knew or should have known was unreliable, misleading, incomplete, or materially inconsistent.

29. Plaintiff's April 29, 2026 Experian disclosure reflects multiple hard inquiries associated with active credit applications and credit evaluations occurring while Plaintiff contends disputed inaccuracies remained unresolved.

30. Plaintiff seeks discovery regarding each dissemination of his Experian report, the information transmitted to creditors, the permissible purposes asserted, any dispute coding associated with Plaintiff's file, and whether any fraud, block, suppression, identity, or risk-related indicators were transmitted or associated with Plaintiff's reporting.


**E. Credit Denials, Revocation of Credit, and Subprime Lending Harm**

31. Plaintiff applied for credit during the relevant period, including an application with Wells Fargo on or about November 25, 2025.

32. Plaintiff was denied credit based in whole or in part upon information contained within Defendant's reporting.

33. Plaintiff also experienced revocation of previously approved credit after Plaintiff was informed that a fraud, block, or risk-related notification associated with Defendant's reporting had been transmitted to a creditor.

34. Plaintiff did not initiate or authorize any fraud alert or identity-theft designation known to Plaintiff that would justify such reporting.

35. Plaintiff was further forced to obtain and rely upon multiple low-limit and subprime credit products with unfavorable terms while Defendant continued disseminating disputed and inconsistent reporting.

36. Plaintiff alleges that Defendant's continued dissemination of disputed and misleading information caused ongoing harm to Plaintiff's credit reputation, access to credit, and financial opportunities.

37. Plaintiff further alleges that he supports himself through entrepreneurial and self-directed financial activity that substantially relies upon access to credit, financing, and accurate credit reporting.

38. Plaintiff also manages a physical disability that increases the importance of maintaining stable and reliable access to financial resources and credit facilities.

39. Plaintiff alleges that Defendant's continued dissemination of disputed and misleading reporting foreseeably impaired Plaintiff's ability to obtain and maintain favorable credit relationships during the relevant period.

## F. Failure to Conduct a Reasonable Reinvestigation

40. Plaintiff disputed inaccurate and misleading information through written disputes and communications with Defendant.

41. Defendant failed to conduct a reasonable reinvestigation of disputed information.

42. Defendant issued responses indicating items had been "verified" while continuing to report internally inconsistent and disputed information.

43. Defendant failed to correct, delete, or meaningfully clarify disputed reporting within a reasonable period despite repeated notice and opportunities to do so voluntarily.

44. Plaintiff alleges that the reasonableness of Defendant's procedures and reinvestigation efforts presents factual questions inappropriate for resolution prior to discovery, particularly where information concerning Defendant's internal procedures, dissemination records, dispute handling systems, coding practices, and communications with furnishers and creditors remain uniquely within Defendant's possession.

45. The Second Circuit has recognized that consumer reports may violate the FCRA where information is misleading or materially incomplete even if portions of the reporting may appear technically accurate in isolation. See Sessa v. Trans Union, LLC, 74 F.4th 38 (2d Cir. 2023); Mader v. Experian Information Solutions, Inc., 56 F.4th 264 (2d Cir. 2023).

## V. CLAIMS FOR RELIEF

### COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### (Failure to Follow Reasonable Procedures)

46. Plaintiff repeats and realleges the foregoing allegations.
47. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report.
48. Defendant reported inaccurate, duplicative, misleading, incomplete, and internally inconsistent information concerning Plaintiff.
49. Defendant continued disseminating Plaintiff's report after being placed on notice of disputed inaccuracies and inconsistencies.
50. Defendant's conduct caused Plaintiff harm, including denial of credit, revocation of approved credit, reliance upon subprime lending products, harm to credit reputation, and loss of financial opportunities.

### COUNT II
### Violation of 15 U.S.C. § 1681i
### (Failure to Conduct Reasonable Reinvestigation)

51. Plaintiff repeats and realleges the foregoing allegations.
52. Plaintiff disputed inaccurate, misleading, incomplete, and internally inconsistent information contained within Defendant's reporting.

53. Defendant failed to conduct a reasonable reinvestigation of disputed information.

54. Defendant failed to correct, delete, or meaningfully clarify disputed and inconsistent reporting after receiving notice.

55. Defendant continued reporting disputed information despite unresolved inconsistencies and continued disseminating Plaintiff's report while Plaintiff was actively seeking credit.

56. Defendant's conduct caused Plaintiff actual damages and ongoing harm.

## VI. DAMAGES

57. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

a. denial of credit;

b. revocation of approved credit;

c. reliance upon subprime or low-limit credit products;

d. harm to credit reputation and creditworthiness;

e. loss of financial opportunities;

f. continuing financial harm resulting from the dissemination of disputed and misleading reporting.

## VII. WHEREFORE

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for:

1. Actual damages;

2. Statutory damages;

3. Punitive damages for willful noncompliance;

4. Costs and such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Brooklyn, New York
May 21, 2026

Derick A. Petersen
Plaintiff, Pro Se